## Hoopes's Estate.    Pierce's Appeal.

*Wills—Probate—Revocation—Register—Review.*

After the register had granted letters testamentary, a writing purporting to be a will of later date was presented to the register for probate with a request that the former decree of probate be annulled. Parties in interest filed objections to proceedings before the register and requested an orphans' court to be appointed for the decision of the difficult and disputable matters in controversy, pursuant to the act of March 15, 1832, § 26. The register called an orphans' court and certified for decision (1) whether he had power to revoke the letters, (2) whether they should be revoked, and (3) whether the later writing was the last will of the testator. Objections were filed that the register had no jurisdiction and that the proper proceeding was by appeal f om the decree of probate. The court overruled the objections on the ground that the register had jurisdiction and must decide the question, after which it could come before the court on appeal. The same parties before objecting then presented their petition to said court, setting out the prior proceedings and that there were disputable and difficult matters involved, and asking the court to hear the testimony thereon, and to direct an issue to the common pleas to try (1) whether or not the signature to the latter paper was testator's signature, (2) whether there was undue influence, and (3) whether the testator was of sufficient mental capacity to execute a will. The court refused the petition and made a decree returning the record to the register. *Held,* that an appeal to the Supreme Court would not lie.

Argued Nov. 7, 1892. Appeal, No. 79, Jan. T., 1893, by Thomas W. Pierce and E. Malin Hoopes, legatees under an alleged will of A. Taylor Hoopes, deceased, from decrees of O. C. Chester Co., refusing issue, etc. Before PAXSON, C. J., WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Rule to quash appeal.

The record shows the following facts: A. Taylor Hoopes died May 10, 1892. On May 16, 1892, his will, dated May 17, 1888, was duly probated, and letters testamentary thereon were granted to Thomas W. Pierce and E. Malin Hoopes, executors therein named, by the register of wills of Chester county. Subsequently, Caleb H. Bradley filed with said register a petition, setting out that there was a later will of said decedent, bearing date Jan. 22, 1888, and a codicil thereto, dated Aug. 15, 1891, of which he was the executor, and asking that said letters testamentary be revoked, that said decree of probate be opened

and annulled, and that the alleged will, in which he was named as executor, be probated. Several hearings were had before the register, and a large amount of testimony taken. On July 22, 1892, several of the parties interested, under the probated will, filed objections to further proceedings before the register, and requested that an orphans' court be appointed for the decision of the difficult and disputable matters in controversy before him, pursuant to the act of March 15, 1832, § 25. On July 25, 1892, the register, in compliance with said request, called an orphans' court, to meet August 15, 1892, and certified to said court the following questions for decision: (1) To determine whether the register of wills has power and authority to revoke the letters testamentary granted to the said Thomas W. Pierce and E. Malin Hoopes, and to reopen and annul the decree probating the will dated May 17, 1888. (2) Whether said letters testamentary should be revoked and said decree of probate annulled. (3) Whether the writings dated Jan. 27, 1888, and Aug. 15, 1891, are, or are not the last will and testament of the said A. Taylor Hoopes. Of this hearing, said register gave notice to all parties in interest. The case was continued from day to day until September 26, 1892, when objections were filed in said court, that the register had no jurisdiction of the matters in controversy, and that the only way the matter could properly be proceeded in was on an appeal from the decision of the register probating the will of the date of May 17, 1888. After argument, the court overruled the objections, in an opinion filed and decree made Oct. 3, 1892.

On Oct. 11, 1892, said executors, who are also legatees under the will probated, presented their petition to said court, setting out the prior proceedings, that there were disputable and difficult matters involved in said controversy, and asking said court to hear the testimony thereon, and for a precept to the court of common pleas to try said difficult and disputable questions, viz.: (1) Whether or not the signatures of the said A. Taylor Hoopes to the paper writing proper and the codicil thereto attached, produced by the said Caleb H. Bradley, are or are not the signatures of the said A. Taylor Hoopes. (2) Whether or not undue influence was used and employed in the production of the said will proper and the codicil thereto presented by the said Bradley. (3) Whether or not at the time of the execution of said will proper and the codicil thereto attached pre-

sented by the said Bradley, the said A. Taylor Hoopes was of sufficient mental capacity to execute said will and codicil.

On Oct. 13, 1892, the court made a decree refusing the prayer of the petitioners, and on the same day made a decree returning and remanding the record in the case to the register.

The basis of these decrees was the view the court took in their opinion, filed by WADDELL, P. J., in overruling the objections to the jurisdiction of the register, to wit: that under the act of April 22, 1856, which makes the probate of a will conclusive as to realty, unless contested by " caveat and action at law duly pursued," and the decision of this court in Wilson v. Gaston, 92 Pa. 215 ; McCort's Ap., 98 Pa. 36, and Cochran v. Young, 104 Pa. 337, the register had no power to certify the questions arising in a contest before him, to the orphans' court, but must first determine them himself.

On Oct. 17, 1892, said petitioners appealed to the Supreme Court.  The court below made absolute a rule to restrain the register from proceeding pending the appeal.  A petition for the motion to quash set out the above facts.  The rule was granted returnable Nov. 7, 1892.

*Wm. Butler, Jr.*, with him *Thos. S. Butler*, *Wm. S. Windle* and *W. S. Harris*, for the rule, cited: Taylor v. Com., 103 Pa. 101; Wickersham's Ap., 75 Pa. 337; Eckfeld's Ap., 13 Pa. 172; Mitchell's and Keene's Ap., 60 Pa. 502; Robinson v. Glancy, 69 Pa. 93; Gesell's Ap., 84 Pa. 238; Snodgrass' Ap., 96 Pa. 421; Christy's Ap., 110 Pa. 541; Bostwick v. Brinkerhoff, 106 U. S. 3; Rice v. Sanger, 144 U. S. 197.

*Alfred P. Reid*, with him *Wm. M. Hayes* and *Monaghan & Hause*, contra, cited: Dainese v. Kendall, 119 U. S. 53; Lodge v. Twell, 135 U. S. 232, 60 Am. Dec. 427–8; Freeman, Judgments, 3d ed., §§ 29, 36 ; act March 15, 1832, §§ 17, 25, 39, 41, 42; Com. v. Bunn, 71 Pa. 405; Taylor v. Com., 103 Pa. 101; Const. 1874, art. 5, § 27, art. 14, § 1; Hoge's Will, 2 Brewster, 450; King's Estate, 9 W. N. 207; Owen v. Shelhamer, 3 Bin. 48; Walden v. Berry, 48 Pa. 456; Wickersham's Ap., 75 Pa. 337.

PER CURIAM, November 11, 1892:
Rule absolute and appeal quashed.