Com. ex rel. E. Malin Hoopes et al. *v.* Frank A. Thomas, Register of Wills, Appellant.    A. Taylor Hoopes's Will.

*Mandamus—Register of wills—Certifying disputed questions—Jurisdiction—Practice—Appeal.*

In all cases where full and ample remedy may be had either by appeal, writ of error, or otherwise, from a judgment, decree or order of a subordinate court, mandamus will not lie.

Where an appeal has been taken from an order of the register of wills vacating and annulling the probate of a will, and admitting to probate another paper as the real will, mandamus will not lie to compel the register to certify to the orphans' court questions which are necessarily involved in the appeal.

The act of the register of wills in certifying disputed questions to the orphans' court is not a judicial but a ministerial act, which the common pleas may compel the register to perform, if it is a necessary step to a proper adjudication of the dispute.

Argued Feb. 5, 1894.    Appeal, No. 338, Jan. T., 1893, by defendant, from judgment of C. P. Chester Co., Jan. T., 1893, No. 23, on demurrer to respondent's return to writ of mandamus.    Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ.    Reversed.

Mandamus to compel register of wills to certify to the orphans' court questions arising in a contest concerning the will of A. Taylor Hoopes, deceased.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was entry of judgment on demurrer.

*Wm. Butler, Jr., Thos. S. Butler, Wm. S. Windle, S. D. Ramsey* and *W. S. Harris* with him, for appellant, cited: High, Ex. L. Rem., 2d ed., pp. 157, 161, 165; Hoopes's Est., 152 Pa. 105 [s. c., below, 2 Dist. R. 500]; Heron's Est., 6 Phila. 86; Act of March 15, 1832, § 41, P. L. 146; Cunningham v. McCuen, 75 Pa. 220; Com. v. Mitchell, 2 P. & W. 517; Overseers of Porter v. Overseers of Jersey Shore, 82 Pa. 279.

*Alfred P. Reid, William M. Hayes* and *Monaghan & Hause* with him, for appellees, cited: Acts of April 22, 1856, P. L. 533; March 15, 1832, § 25, P. L. 141; Taylor v. Com., 103 Pa. 96; Com. v. Commissioners of Allegheny Co., 37 Pa. 279; Kaine v. Com., 101 Pa. 494; Com. v. Bunn, 71 Pa. 409; Wickersham's Ap., 75 Pa. 334; Foster's Ap., 87 Pa. 67; Easton v. Water Co., 97 Pa. 554; Com. v. McLaughlin, 120 Pa. 521; Com. v. Fitler, 136 Pa. 129; Com. v. Allegheny Co., 32 Pa. 218.

OPINION BY MR. JUSTICE DEAN, Oct. 1, 1894:

A. Taylor Hoopes of Chester county died May 10, 1892. On May 16th, six days afterwards, E. Malin Hoopes and Thomas W. Pierce, the relators, presented to Frank A. Thomas, Register of wills, a writing, purporting to be the last will of A. Taylor Hoopes, for probate. The will was proven by the subscribing witnesses, and letters testamentary were issued to E. Malin Hoopes and Thomas W. Pierce. This will was dated May 17, 1888. On July 6, 1892, Caleb H. Bradley presented a petition to the Register, averring that there had come into the hands of said executors, among the papers of the testator, another, later, and different will than the one dated May 17, 1888; that to this second writing, although dated in the body of it January 27, 1888, a date preceding that of the one already proven, was appended a codicil dated August 15, 1891, a date long subsequent to May 17, 1888, the date of the first one. He further alleged, this second will was in the possession of the executors. Thereupon, in answer to a citation of the Register, the executors produced this alleged later will. Caleb H. Bradley, the executor, then asked that the probate of the first

will be vacated, and the later one be, by proper proof, admitted
to registry. The application was entertained by the Register,
and evidence taken for and against both wills by the parties
interested. After due consideration of this evidence, the Reg-
ister certified to the orphans' court these interrogatories :

1. Had the Register power to revoke the letters granted on
the first will?

2. Should the probate of the first will be annulled, and the
letters revoked?

3. Is the writing dated 27th January, 1888, with the codicil
appended, dated 15th of August, 1891, the last will of testator?

When the case came on for hearing in the orphans' court, the
executors of the first will objected to the court taking jurisdic-
tion on the certification, averring that the Register had no juris-
diction, such as he had taken on the application to vacate, and
that the questions in dispute could only legally reach the or-
phans' court by appeal from the decree probating the first will.
The orphans' court was of opinion that the case should have
come before it, not by a certificate from the Register, but by
appeal from his decision on the application to vacate the decree
admitting of record the first will, and formally overruled the
objections to the jurisdiction of the Register. The parties in
favor of the first will then asked the court to proceed with a
hearing of the case on its merits, and to direct an issue to the
common pleas to determine whether the writing alleged to be
the last will, was in fact the last will of A. Taylor Hoopes.
This the court refused, for the reason, that it had already de-
cided the Register had jurisdiction of the dispute, and he must
dispose of it before the court could properly consider it. Caleb
H. Bradley, who represented the second will, then moved the
court to send the proceedings back to the Register. In answer
to this motion, the court ordered that the record be sent back
to the Register, and, before proceeding further, that he give ten
days' notice to all parties of the hearing. From this decree, the
executors in the first will appealed to this court; we, being of
opinion that the decree was only interlocutory, quashed the ap-
peal [Hoopes's Est., 152 Pa. 105]. The Register then pro-
ceeded with the hearing ordered by the orphans' court. The
executors of the first will, at this hearing, asked that a precept
for an issue to determine the dispute be directed to the common

pleas, which the Register refused. Then they asked that the orphans' court decide: 1. Whether the testator was of sound mind when he executed the codicil to the second will. 2. Whether the codicil was the free and intelligent act of testator, or was brought about by undue influence. 3. Whether the codicil was in fact executed by testator. The Register refused to call an orphans' court to pass on these questions, because he had already sent them there for answer, and that court had sent them back to him for determination. He accordingly found from the evidence that the second writing claimed to be the last will, with the codicil of latest date, was the last will. In accord with this finding, he vacated the decree probating the first will, revoked the letters issued on it, admitted the second will to probate and registry, and issued letters thereon to Caleb H. Bradley, the executor named in it.

From the action of the Register vacating the probate of the first will, and revoking the letters testamentary thereon, the executors under that will appealed to the orphans' court. They also applied to the court of common pleas for a writ of mandamus to the Register, commanding him to certify to the orphans' court the questions which he had refused to decide, because he had already once certified them to that court. The court granted an alternative writ, to which the Register made answer, setting out in substance the facts as we have stated them, and showing further that his refusal to certify the questions raised by those in favor of the first will, necessarily entered into and formed part of the decree vacating the probate and revoking the letters, which had been appealed from. The court thereupon made a decree for a peremptory mandamus, from which decree the Register prosecutes this appeal.

The right of the court to compel the Register to the performance of a ministerial or clerical act, necessary to the proper adjudication of a question to be tried in court, is undoubted. Nor is it for the subordinate officer or lower court to determine whether an act done or to be done by him is ministerial or judicial; that is a question for the higher court, wherein it must be judicially determined whether the writ shall or shall not issue. The learned judge of the court below properly decided that the act he commanded was not a judicial act involving the exercise of a discretion in the Register, and if the

case turned on this question, the decree would be affirmed
without hesitation.   But we think the learned judge, inadver-
tently perhaps, neglected to inquire whether the exigencies of
this case called for the exercise of this extraordinary power.
On the facts here, the writ was not one of right on the part of
the relators.   Their right to have it issued, depended wholly
on whether it was a necessary step to a proper adjudication of
the dispute.   If it accomplishes nothing of substance, aids not
in the administration of justice, it is not a right. · Writs of
this nature are not issued to gratify the whims of suitors.   It
is argued by appellees, " That the right here claimed is granted
to them by law.   Whether it shall be invoked and enforced,
depends not upon the Register, but upon them."   But this
proposition needs qualification.   The right is granted by law
only when of value to him who asks it.   High on Extraordi-
nary Legal Remedies, 161, says: " In all cases where full and
ample remedy may be had, either by appeal, writ of error, or
otherwise, from the judgment, decree or order of the subordi-
nate court, mandamus will not lie."

" It follows therefore, that those to whom it may be appro-
priately directed, owe some duty to the public, and are under
obligation to perform it, and for the enforcement of which
there is no other specific legal remedy:" Armstrong v. Com-
missioners of Allegheny, 37 Pa. 277.

GIBSON, C. J., in Com'lth v. Mitchell, 2 P. & W. 517,
says: "It however involves an exercise of extraordinary pow-
er, which fits it for use only in extraordinary cases, where there
would otherwise be a failure of justice." Lord KENYON in
King v. Bristow, 6 D. & E. 168, says: " The best way of pre-
serving this beneficial writ, is to be sparing in the use of it."
And the authorities are uniformly to the point that, unless there
be a grievance which cannot be otherwise· adequately remedied,
the writ cannot be successfully invoked.

On the appeal to the orphans' court, necessarily all the ev-.
idence taken before the register will be before it, and all the
questions raised by the evidence will be passed upon.

The decree of the Register was, that the decree of probate of
the first will be vacated and annulled, and that the letters grant-
ed thereon be revoked, and that the second will is the last will
of testator, and that therefore it be admitted to probate.   From

that decree, the executors of the first will appealed. It is not questioned that the first will is a will made by the testator. If the second be his will, then the first is not his last will, because the second, being of later date, revokes it. Whether the second is his will, depends on whether it was executed by him, whether it was procured by undue influence, and whether he possessed testamentary capacity. If, for either reason, the will was not his last will and testament, the appeal will be sustained, and the decree of the Register, admitting it to probate, will be wholly set aside.

There being no other will, then, than the first, and that not being questioned on any ground except that it was revoked by the second, it will stand of record, already proven as his last will, for there will be no decree to the contrary.

As every question necessarily comes before the orphans' court on the appeal, the appellees have a complete and adequate remedy to which this mandamus cannot, in the least, contribute. Therefore the decree of the court below, for that reason and that alone, is reversed at costs of appellee.