Benjamin Irwin, Assignee of W. S. Harris, Assignee of C. H. Bradley, Executor of A. T. Hoopes, dec'd, Assignee of Executors of Wm. B. Hoopes, dec'd, Assignee of John S. Hope, Appellant, *v.* James F. Hanthorn and Ellen Hanthorn. (W. L. Hanthorn defending as Terre Tenant.)

*Evidence—Validity of a will cannot be attacked collaterally.*

The validity of a will and letters testamentary issued thereunder cannot be attacked collaterally in a suit on a scire facias upon a mortgage, where the defense was payment to the executor, under the will attempted to be attacked, on the ground that letters had been revoked by the register from which decree an appeal is pending in the orphans' court.

*Powers of executor to collect debts—Revocation of letters—Appeal from register.*

It has been distinctly ruled that a decree of the register's court revoking letters of administration and directing them to issue to another person, which decree has been appealed from by the administrator, does not, while the appeal is pending and undetermined in the Supreme Court, suspend his power to proceed in the recovery of the debts due his intestate.

*Mortgage—Payment to executor—Revocation of will—Appeal therefrom.*

A mortgagor will be protected in payment to executor of decedent mortgagee, who is in possession of the bond and mortgage, although his letters have been revoked and letters granted under another alleged will, from which ruling of the register an appeal is pending. A subsequent assignment of the mortgage, made by the second set of executors, gives the assignee no standing to demand repayment of the mortgage already paid to the other executor.

Argued Dec. 2, 1895. Appeal No. 14, Nov. T., 1895, by plaintiff, from judgment of C. P. Chester Co., January Term, 1895, No. 22, for defendant upon sci. fa. sur mortgage. Before RICE, P. J., WILLARD, BEAVER, REEDER, WICKHAM, MC-CARTHY and ORLADY, JJ. Affirmed.

Sci. fa. sur mortgage. Before HEMPHILL, J., on which verdict was rendered for the defendant, the plea being payment.

Material facts are fully set forth in the opinion of the Superior Court.

*Errors assigned* were, (1) in ruling that the plaintiff was not entitled to ask the following question of Thomas W. Pierce, a witness for the defendant, said question being in cross-examination: Q. Did you know of the existence of a paper writing purporting to be a later will of A. Taylor Hoopes when you got letters testamentary granted you and E. Malin Hoopes in the estate of A. Taylor Hoopes, deceased? Objected to. Objection sustained.

(2) In ruling that the plaintiff was not entitled to ask the following question of Thomas W. Pierce, having called said witness in rebuttal as a witness for the plaintiff: Q. You have heard the offer of the will of A. Taylor Hoopes, in which Caleb H. Bradley has been appointed executor, as part of the evidence in this case, and it is with reference to that will I desire to call your attention—the will in which A. Taylor Hoopes appointed Caleb H. Bradley and Amos McNelly, executors. Did you have any knowledge of the existence of that paper writing when you and E. Malin Hoopes procured letters testamentary on the will you speak of? Objected to. Objection sustained.

(3) In directing the jury to render a verdict for the defendant. To which ruling an exception was noted.

(4) In charging the jury as follows: " We feel bound, therefore, to give you binding instructions to find for the defendant. You will render a verdict accordingly." To which ruling counsel for plaintiff excepts and a bill of exceptions is sealed.

*Robert J. Monaghan* and *William S. Harris*, for appellant.— The mere possession of a bond and mortgage by a person not the obligee, will not warrant the payment thereof to such possessor: Lawson v. Nicholson, 31 Atl. Rep. 386.

" Where an executor obtained a probate of a will, with notice that the testator had made a subsequent will, appointing another executor, and he acted by taking possession of the testator's effects: Held, that the executor under the second will, who had obtained probate, might maintain trover for the effects so taken possession of:" Wooley, Ex'r, v. Clark, 5 B. & A. 744.

" And when the probate of a will is revoked upon the discovery of a later will, the probate of which is decreed, the new decree will not necessarily avoid payments made or acts done under the old decree while it remains unrevoked:" 21 Am &,

Eng. Ency. 386, n. 1, citing, Allen v. Dundas, 3 T. R. 125; Kitteredge v. Folsom, 8 N. H. 98; Biglow v. Biglow, 4 Ohio, 138; Stone v. Peasley, 28 Vt. 725; Price v. Nesbit, 1 Hill Eq. (S. Car.) 445; Patton's Appeal, 31 Pa. 465; Wooley v. Clark, 5 B. & A. 744; 7 E. C. L. 249.

" When the probate has been annulled subsequently to the entry of a decree of distribution, the heir may pursue the property in the hands of a distributee: " 21 Am. & Eng. Ency. of Law, 386, § 6, citing, Thompson v. Samson, 64 Cal. 330.

*J. Frank E. Hause, Thomas W. Pierce* with him, for appellees.—While their appeal is pending and undetermined in the orphans' court their power to proceed for the recovery of a debt due to their estate is not suspended, nor could the grant of letters on the later paper be of any avail until it shall be determined that the paper writing supporting the grant of letters is the act of the testator: Cawley's Est., 162 Pa. 520; Shauffler v. Stoever, 4 S. & R. 202; Com. ex rel. Thomas, 163 Pa. 446.

OPINION BY BEAVER, J., January 20, 1896 :

Three specifications of error confront us in this case. Two of them are not referred to by the appellant in his argument and it is to be presumed, therefore, that they were abandoned. They related to the admission of evidence introduced by the plaintiff below and objected to by the defendant. The objections were sustained in both cases upon grounds which are clearly apparent, although in the first case no particular ground of objection appears upon the record. The offer contained in the first specification of error was very properly rejected for the reason that the question was not cross-examination; and, when the witness was recalled by the plaintiff in rebuttal, practically the same question was asked, objected to on the ground that it was irrelevant and incompetent, and the objection very properly sustained. These rulings practically rule the case. They shut out the testimony in regard to a second alleged will on the ground of its irrelevancy; in other words, that the existence of such a will could not be collaterally determined in the issue then on trial. The third specification charges error in the court below in directing the jury to render

a verdict for the defendant, and to this the appellant addresses his argument.

Benjamin Irwin, claiming to be the assignee of a mortgage given originally by James F. Hanthorn and Ellen Hanthorn to John S. Hope, brought into the court below by scire facias William L. Hanthorn, terre tenant, who was in possession of the property and who defended on the ground of the payment of the mortgage. He brought into the court below at the trial the mortgage itself, upon which there was the stamp of satisfaction. There is no denial of the fact that he paid the money to Thomas W. Pierce, trustee of Joshua Hoopes, who claimed it by assignment from the executors of A. Taylor Hoopes at the time of the payment, which said assignment was duly recorded March 25, 1893. The assignments of John S. Hope to William B. Hoopes and of Thomas W. Pierce, executor of William B. Hoopes, deceased, to A. Taylor Hoopes, were also of record. On the margin of the mortgage in the recorder's office there appeared this entry: " I hereby acknowledge that the whole amount of principal and interest secured by this mortgage has been paid in full. Witness my hand the 2d day of April, 1894. Thomas W. Pierce, Trustee ;"—and in lead pencil this memorandum, " Not attested, on account of litigation." The plaintiff claimed by assignment of the mortgage from William S. Harris who claimed by an assignment from Caleb H. Bradley, executor of A. Taylor Hoopes, deceased, both of which assignments were recorded September 23, 1893, nearly six months after the record of the assignment from Thomas W. Pierce and E. Malin Hoopes, executors of A. Taylor Hoopes, deceased, to Thomas W. Pierce, trustee. The plaintiff therefore had legal notice of the assignment, and of all that it contained at the time at which he took the assignment from Harris which depended upon the title which Harris secured from Bradley, executor.

The evidence in the court below discloses the fact that a paper purporting to be the last will and testament of A. Taylor Hoopes, deceased, dated May 17, 1888, was duly admitted to probate by the register of wills on the 16th of May, 1892, and letters testamentary thereunder granted to Thomas W. Pierce, Esq., and E. Malin Hoopes. On the 6th of July, 1892, an application was presented to the register by Caleb H. Brad-

ley, reciting the probate of the paper writing above referred to and alleging that said paper was not the last will and testament of the said A. Taylor Hoopes, deceased, but that a paper bearing date the 15th day of August, 1891, which was returned to the said register on the 23d day of May, 1892, in answer to a citation by him issued, was the last will and testament of the said A. Taylor Hoopes. After various proceedings had and moved before him and in the orphans' court, the register, on the 1st day of December, 1892, after reciting the facts, made the following decree: "Now, therefore, it is ordered and decreed that the decree of probate of the testamentary writing of May 17th, 1888, be vacated and annulled, that letters granted thereon be and the same are hereby revoked, that the testamentary writing of January 27th, 1888, and August 15th, 1891, be and the same is hereby probated as and for the last will and testament of the said A. Taylor Hoopes, deceased, and that letters testamentary thereunder be herewith issued to Caleb H. Bradley, the surviving executor named in said will." From this decree on the day upon which it was made Thomas W. Pierce and E. Malin Hoopes, the executors of the alleged will of A. Taylor Hoopes which had been admitted to probate by the register on the 16th of May, 1892, appealed to the orphans' court, which said appeal, with all the proceedings therein, was certified on the 6th of December by the register to the said court. It therefore appears that there is now pending in the orphans' court of Chester county a controversy to determine whether the paper dated May 17, 1888, and admitted to probate on the 16th of May, 1892, or that dated August 15, 1891, and admitted to probate the 1st of December, 1892, is the last will and testament of A. Taylor Hoopes, deceased. The determination of this question will also determine the rights of the several parties claiming thereunder to administer upon the estate of the said decedent. Different phases of this controversy have been in the Supreme Court twice. The first, Hoopes' Estate, 152 Pa. 105, and the second, Com. ex. rel. etc. v. Thomas, 163 Pa. 446; the latter after the appeal by the executors under the first will had been taken.

Mr. Justice DEAN, in delivering the opinion of the court therein, says: "The decree of the register was that the decree of probate of the first will be vacated and annulled and that

the letters granted thereon be revoked, and that the second will is the last will of testator and that, therefore, it be admitted to probate. From that decree the executors of the first will appealed. It is not questioned that the first will is a will made by the testator. If the second be his will, then the first is not his *last* will, because the second being of later date revokes it. Whether the second is his will depends on whether it was executed by him, whether it was procured by undue influence and whether he possessed testamentary capacity. If for either reason the will was not his last will and testament, the appeal will be sustained and the decree of the register admitting it to probate will be wholly set aside. There being no other will then than the first, and that not being questioned on any ground except that it was revoked by the second, it will stand of record already proven as his last will, for there will be no decree to the contrary."

The Supreme Court were, therefore, clearly of the opinion that every question involved in this controversy would necessarily come before the orphans' court on the appeal; and, as that appeal is still pending, we must, of course, conclude that all questions arising thereunder are in abeyance and will so continue until it is finally determined.

It may be alleged that this gives rise to a double issue and that the court will be determining at the same time the validity of one will and the invalidity of another, but this situation is not incongruous and is referred to as entirely proper in Cawley's Appeal, 162 Pa. 520.

Whether the letters testamentary issued by the register to Thomas W. Pierce and E. Malin Hoopes are valid or invalid cannot be finally determined, until the appeal in the orphans' court is disposed of. It follows that the assignment of the 14th of January, 1893, made by these executors to Thomas W. Pierce, trustee, was valid, and that the payment made by the defendant terre tenant to the said Thomas W. Pierce was a good payment of the mortgage, and that the court below very properly ruled finally as it did practically on the question of the admission of evidence, that the validity of the first will of A. Taylor Hoopes and the letters testamentary issued thereunder could not be collaterally attacked in a scire facias upon the mortgage. In Shauffler v. Stoever, Admr., etc., 4 S. & R.

202, it was distinctly ruled that a decree of the register's court revoking letters of administration and directing them to issue to another person, which decree had been appealed from by the administrator, did not, while the appeal was pending and undetermined in the Supreme Court, suspend his power to proceed in the recovery of the debts due to his intestate. Pierce, trustee, as assignee of the executors whose letters had been revoked by the register, had all the authority which they possessed and undoubtedly had the right to collect the amount of the mortgage from Hanthorn.

It is claimed by the appellant that he was an innocent holder for value, that he had paid for the mortgage and had received a regular assignment from a party holding by assignment from one who appeared upon the record to be the regular executor of A. Taylor Hoopes, deceased; but there was upon the record abundant notice to him that the same mortgage had been assigned by others claiming to be the executors of A. Taylor Hoopes, deceased, and that letters testamentary under the will of the said A. Taylor Hoopes had been regularly issued to them; and, although these letters had been revoked by the register, that the decree revoking them had been appealed from and was then pending in the orphans' court. It is claimed also that Hanthorn, the terre tenant, had notice by letter dated March 24, 1893, from the attorney of Bradley, the executor of the second will, that he should not pay any money due upon the mortgage to the executors of the first will, but that he would be expected to pay the moneys due thereon to Mr. C. H. Bradley or his counsel. The notice is so argumentative in character that it would seem to convey the impression that the attorney who wrote it was himself in doubt as to the party really entitled to receive the money. It appears, from a letter of Hanthorn, the terre tenant, dated at Trenton, N. J., December 30, 1893, that, in accordance with the notice, he had called to see the counsel of Bradley and that he not having the bond and mortgage postponed the settlement of the same until the 1st of October, in and by which said letter Hanthorn offered to pay the same to Bradley, if the original papers were furnished him. It appears, from the evidence taken in the court below, that Bradley never had the original bond and mortgage in his possession, that the same had been delivered by the executors of the first will to

Thomas W. Pierce, trustee, and that Bradley, when he made the assignment, simply transferred a certified copy of the bond and mortgage. Hanthorn then finding that Pierce, the assignee of the executors of the first will, had the original papers in his possession, that the assignment to him was regular on its face and prior in date to the assignment from Bradley to Harris and from Harris to Irwin, and with the records of the register's office before him, from which it appeared that the decree of the register annulling the letters granted under the first will had been appealed from and was pending in the orphans' court, paid the entire amount of the mortgage to Pierce, the assignee, and received the bond and mortgage duly stamped as satisfied, Pierce at the same time receipting for the money on the margin of the record. We are of the opinion that this payment was valid and the receipt of Pierce discharged the obligation. It follows, therefore, that the court was entirely justified in directing the jury to render a verdict for the defendant. All of the specifications of error are overruled and the judgment of the court below is affirmed.