Frazier Estate.

Argued November 14, 1950. Before DREW, C. J., STEARNE, JONES, BELL and CHIDSEY, JJ.

*Charles J. Biddle,* with him *Henry W. Sawyer, 3rd, Lewis H. Van Dusen, Jr.* and *Drinker, Biddle & Reath,* for appellants.

*James A. Montgomery, Jr.,* with him *William Carson Bodine,* for appellees.

OPINION BY MR. JUSTICE JONES, January 5, 1951:

This appeal is from a decree of the Orphans' Court of Philadelphia County confirming absolutely the first account of the executors of the will of Mary Fuller Frazier, deceased. Allegedly, the appellants are next of kin of the decedent. Their complaint with the action of the court below, as indicated by their statement under Rule 22 of the questions to be argued here, is concerned with the court's approval of the executors' payment of the Pennsylvania Transfer Inheritance Tax on the estate of the testatrix as an assumed domiciliary of this State. The learned auditing judge justifiably concluded that the payment of the tax was proper when made; that the accounting therefor was in due and ordinary course; and that, consequently, there was no occasion for postponement of the audit of the account because of a threatened controversy with respect to the domicile of the testatrix: see Section 21 (b) of the Register of Wills Act of 1917, 20 PS § 2006. The question of the decedent's domicile, which happens to be the subject-matter of another and appropriate proceeding in the court below, was in no way involved in the account or audit, and no inference, one way or the other, with respect thereto is to be drawn either from the fact of the accounting or from the confirmation thereof.

The opinion for the court en banc sur appellants' exceptions to the adjudication of the auditing judge well states the legal situation obtaining as follows: "It is clear that had the accountant withheld payment of this tax, a penalty in substantial amount would have been incurred, which, if the domiciliary jurisdiction in this state be upheld, might well have exposed the accountants to a surcharge for such penalty at the instance of the residuary legatee. Moreover, assuming the exceptants have a standing (which they have not so far shown) we cannot see how they have been harmed by the qualified confirmation of the Auditing Judge. The

right to recover the tax, if the jurisdiction of Register be not upheld, was not only reserved by the learned Auditing Judge but conceded at bar by the Special Deputy Attorney General who argued the case for the Commonwealth." See Act of April 9, 1929, P. L. 343, Sec. 503 (a), 72 PS §503.

In the circumstances here present, we cannot say that the learned court below was guilty either of an abuse of discretion in refusing to postpone the audit or of error in confirming the account.

Decree affirmed at appellants' costs.