## Commonwealth v. Schmohl (No. 2)

*Clinton R. Weidner*, district attorney, for Commonwealth.

*J. Boyd Landis*, for administratrix.

*John D. Faller, Jr.*, for defendant.

SHUGHART, P. J., March 16, 1954.—By an order of this court entered March 22, 1952, defendant above named was directed to pay certain arrearages due under an order of support for his wife up to the date of her death. Since, at the time of the order, there was

pending before the register of wills a proceeding to revoke the letters issued on the wife's estate, the order directing payment provided that the sum paid ($348.89) by defendant be retained by the probation officer pending further order of the court.

In November 1953 the register of wills refused defendant's application to revoke the letters and on December 1, 1953, on application of the administratrix, an order was entered directing that the sum held by the probation officer be paid to her.

Thereafter, following a conference between counsel and the court, a rule was granted on defendant's petition to vacate the order of December 1, 1953, directing payment to administratrix. An answer has been filed to the rule, the matter has been argued before the court en banc and is now before us for decision.

At the time of the issuance of the rule under consideration, on January 13, 1954, no appeal had been taken from the action of the register. At oral argument and from the brief filed in behalf of the administratrix, it appears that an appeal from the action of the register was filed on January 14, 1954. There is presently before the court a motion to quash the appeal on the ground that no bond was filed, as provided by section 208 of the Register of Wills Act.

Counsel for defendant contends that since an appeal from the decision of the register of wills refusing to revoke the letters is pending, payment of the funds should be withheld until that question is decided by the court.

Section 21(b) of the Register of Wills Act of June 7, 1917, P. L. 415, 20 PS §2006, provides:

"No appeal from any decree of the register concerning the validity of a will, or the right to administer, shall suspend the powers or prejudice the acts of any executor or administrator to whom letters have been granted."

Section 208(c) of the Register of Wills Act of June 28, 1951, P. L. 638, 20 PS §1840.208, provides:

"No appeal from a decree of the register shall *suspend the powers* or prejudice the acts of a personal representative to whom letters have been granted. (Italics supplied.)

Anna T. Schmohl died June 27, 1951, and letters were issued to Marian James on July 2, 1951, or before the effective date of the Act of 1951 on January 1, 1952. The language of the two acts is so similar that the result in this controversy is the same regardless of which act is applicable.* Under either act it is clear that the power of the administratrix to administer the affairs of the estate has not been suspended by the fact that an appeal has been taken from the refusal to revoke the letters issued to her.

In Shauffler v. Stoever et al., 4 S. & R. 202 (1818), it was held that a decree of the register revoking letters of administration and directing them to issue to another, which decree had been appealed from by the administrator, did not, while the appeal was pending, suspend the power of the administrator to proceed to recover debts due decedent. See, also, Irwin v. Hanthorn, 1 Pa. Superior Ct. 149 (1896); Frazier Estate, 70 D. & C. 116, 366 Pa. 441.

If the administrator whose letters have been revoked may carry on his duties pending an appeal, certainly one whose letters the register has refused to revoke should be accorded the same right.

The administratrix is under a duty to file an account of her administration, at which time defendant will have an opportunity to raise any questions in regard

---

* The explanatory comment from the Report of the Joint State Government Commission to section 103 of the act regarding the effective date states that the Act of 1951 is applicable to all cases regardless of the date of the decedent's death. It would, therefore, appear that that act applies here.

thereto. She has filed a bond conditioned on the proper performance of her duties, so that defendant will be amply protected in the event of improper conduct on her part. It would, in our opinion, unreasonably delay payment to creditors, and otherwise interfere with the affairs of the estate, to permit the funds here involved to remain in the hands of the probation officer, and no good purpose would be served thereby.

And now, March 16, 1954, at 9 a.m., in conformity to the foregoing opinion, the rule is discharged, the order of December 1, 1953, is reaffirmed and the probation officer is directed to pay the sum in question, to wit, $348.89, to Marian James, administratrix of the estate of Anna T. Schmohl, deceased.