Commonwealth of Pennsylvania ex rel. The Century Company, a corporation of the State of New York, Appellant, *v.* the City of Philadelphia, the members of the Board of Public Education of the First School District, John M. Walton, City Controller, and Richard G. Oellers, treasurer of said city.

*Municipalities—Controllers—Mandamus—Amendment—Appeal.*

On appeal the Supreme Court awarded a mandamus to compel the controller of a city to sign a warrant for the payment of money for dictionaries contracted for by the board of education. Subsequently the controller made a motion in the Supreme Court for leave to amend his return, so as to set forth as one of his reasons for refusing to countersign the warrant, the fact that he had made an investigation, and found that the relator was charging buyers of like quantities of dictionaries a lower price than that charged the board of education. *Held,* (1) that leave to amend is denied; (2) that the judgment heretofore entered stand; (3) that if the motion was intended as an additional and substantive ground of defense, application for leave should have been made to the court below.

Argued May 14, 1896. Reargued Jan. 4, 1897. Appeal, No. 354, Jan. T., 1896, by plaintiff, from decree of C. P. No. 4, Phila. Co., Dec. T., 1895, No. 436, dismissing petition for mandamus. Before STERRETT, C. J., GREEN, WILLIAMS, MC-COLLUM, MITCHELL, DEAN and FELL, JJ. On reargument reversed.

Motion for reargument of case decided in 176 Pa. 586.

The appellee in its petition for a reargument prayed for leave to amend the return of the city controller, so as to set forth as one of his reasons for refusing to countersign the warrant, the fact that he did make an investigation, and found that the relator was charging buyers of like quantities a lower price than that charged the board of public education. In support of the motion for leave to amend, the affidavit of John M. Walton, city controller, was filed.

*James Alcorn,* assistant city solicitor, with him *John L. Kinsey,* city solicitor, for appellee.—The court has power to permit of such an amendment: Shaffer v. Eichert, 132 Pa. 285; Thornton v. Britton, 144 Pa. 126; Clifford v. Prudential Ins. Co., 161 Pa. 257; Trainor v. Phila. & R. R. R., 137 Pa. 148; Kroegher v. McConway & Torley Co., 149 Pa. 444; Com. v. Press Co., 156 Pa. 516; Emerson v. Schoonmaker, 135 Pa. 437; Johnson v. Watson, 157 Pa. 454.

A writ of mandamus will not issue for the collection of a debt, or as a substitute for an action of assumpsit: King v. Bristow, 6 Durn. & E. 168; Napier v. East India Co., 12 Eng. Law & Eq. 452; Com. v. Rosseter, 2 Binn. 360; Com. v. Commissioners of Allegheny Co., 16 S. & R. 317; Com. v. Mitchell, 2 P. & W. 518; Hester's Case, 2 W. & S. 416; Drexel v. Man, 6 W. & S. 386; Heffner v. Com., 28 Pa. 112.

A writ of mandamus will not issue where there is an adequate and specific remedy at law: Act of June 8, 1893, P. L. 345; Com. v. Thomas, 163 Pa. 446; Com. v. Controller, 7 Phila. 29; Dechert v. Com., 113 Pa. 229.

The city controller of Philadelphia, in countersigning warrants, is a judicial officer, and the exercise of the discretionary powers vested in him will not be reviewed by the courts: Runkle v. Com., 97 Pa. 328; Com. v. George, 148 Pa. 463; Com. v. Jenks, 154 Pa. 368; Com. v. Mitchell, 89 Pa. 349; Findley v. Pittsburg, 82 Pa. 351; Douglass v. Com., 108 Pa. 559; Inter-State Vitrified Brick Co. v. City, 164 Pa. 477; American Paving Co. v. Wagner, 139 Pa. 623; Act of Feb. 2, 1854, P. L. 30; Act of April 21, 1855, P. L. 269; Act of May 13, 1856, P. L. 572; Act of June 11, 1879, P. L. 130; Johnson's License, 156 Pa. 322; Gross's License, 161 Pa. 344; Gemas's License, 169 Pa. 43.

*Arthur M. Burton* and *Cephas Brainerd*, for the relator.— As to the point made in the reargument, that the writ of mandamus will not issue for the collection of a debt, etc., that is not the present case: High on Extraordinary Remedies, (3d ed.) 1896, secs. 351, 356, 357; Com. v. Johnson, 2 Binn. 275; Williamsport v. Com., 90 Pa. 498; Ryan v. Hoffman, 26 Ohio, 109; Ahrens v. Fiedler, 43 N. J. (Law), 400; Freel v. City of Brooklyn, 148 N. Y. 165.

PER CURIAM, January 25, 1897:

Notwithstanding the able and ingenious argument of the learned counsel for defendant, we are satisfied there is nothing in the circumstances of this case to justify us in allowing the proposed amendment. If it is intended as an additional and substantive ground of defense, application for leave should have been made to the court below. We prefer disposing of the question, which counsel for the city and its controller intended to present for our decision, just as it came to us from the court below.

We find nothing in the record that calls for any modification of the judgment heretofore entered, or of the reasons given in support thereof.

Leave to amend is therefore refused, and it is ordered that the judgment heretofore entered stand as the judgment of this court.