# Miller, Appellant, *v*. City of Bradford.

*Set-off—Judgment—Claim not in judgment.*

The defendant in a judgment is not entitled to set-off against the judgment a debt not in judgment.

*Set-off—Judgment—Negligence—Municipality.*

Where a judgment has been obtained against a city for personal injuries, the city has no right to deduct from the amount of the judgment a sum which it had spent for the maintenance of the plaintiff as a public charge pending the litigation.

Where a person petitions for a mandamus to compel a city to pay her the amount of a judgment which she had recovered against the city for personal injuries, and the court awards the mandamus but deducts from the amount of the judgment a sum which the city had paid for the maintenance of the plaintiff as a public charge, and no appeal is taken from this order, and the plaintiff is paid the amount of the order, she may subsequently by second mandamus proceedings recover the amount which had been wrongfully deducted from the judgment.

Argued Oct. 30, 1901.   Appeal, No. 244, Oct. T., 1901, by plaintiff, from order of C. P. McKean Co., Oct. T., 1895, No. 247, refusing a writ of mandamus in case of Jennie Miller *v*. City of Bradford.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Reversed.

Petition for mandamus.

From the record it appeared that on May 13, 1897, Jennie O. Miller recovered a judgment for $3,000 against the city of Bradford.   Pending the litigation she became a public charge, and the poor district of the city expended the sum of $227.93 for her maintenance.   On November 14, 1898, the court awarded a peremptory writ of mandamus for the collection of the judgment, less the sum of $227.93 which was claimed by the poor board.   A tax was afterwards levied for the collection of the judgment, less the amount claimed by the poor board of $227.93, and all of the judgment was paid except that amount.

The present petition was filed to compel the payment of $227.93, which had been deducted from the judgment.   The court in an opinion by MORRISON, J., refused to award the writ.

*Error assigned* was the order of the court.

*Eugene Mullin,* of *Mullin & Mullin,* for appellant.—One judgment may be set off against another, through the equitable powers of the court, but to a judgment ripe for execution there can be no set-off of a debt not in judgment: Cowden v. McClelland, 4 Montg. 133 ; Thorp v. Wegefarth, 56 Pa. 82.

*P. F. Schoonmaker,* for appellee.—The rule that what has been judicially determined shall not again be made the subject of controversy extends to every question in the proceedings which was legally cognizable : Hartman v. Pittsburg Incline Plane Co., 2 Pa. Superior Ct. 123; Schwan v. Kelly, 173 Pa. 65; Abeles v. Powell, 6 Pa. Superior Ct. 123.

The decree of court of November 14, 1898, refusing to award execution for this $227.93 was in the nature of a final judgment from which an appeal would lie : Pontius v. Nesbit, 40 Pa. 309; Feagley v. Norbeck, 127 Pa. 238; Packer v. Owens, 164 Pa. 185.

It being beyond question, therefore, that the order of November 14, 1898, refusing to award a mandamus execution for $227.93 of plaintiff's judgment was a final decree, the plaintiff, if she felt herself aggrieved thereby, should have appealed to this court within the time limited by law, and having failed to do so, she cannot now be heard to complain of that order in this court, even though it was erroneously entered: Clarion, etc., R. R. Co. v. Hamilton, 127 Pa. 1.

OPINION BY WILLIAM W. PORTER, J., February 14, 1902:

The plaintiff recovered a judgment for $3,000 against the city of Bradford for damages for personal injuries. Pending this litigation she became a charge upon the city for a part of her maintenance, to the extent of $227.93. Upon the rendition of the judgment, she petitioned the court for a writ of mandamus, to the end that the judgment might be executed against the city. To this the city replied, praying the court to deduct from the execution, the charges to which the city had been put in the maintenance of the plaintiff. On November 14, 1898, the court awarded the mandamus execution, and directed the levy of a special tax, but deducted the $227.93 from the amount to be paid under the mandamus. No appeal was taken from

this order. The tax was levied and the plaintiff was paid the amount for which the mandamus issued. On September 4, 1900, the plaintiff presented a petition for an alias mandamus to enforce the payment of the $227.93. The court refused the writ, assigning as the reason that the city had the right to set off the maintenance charge. This was error. The defendant was not entitled to set off against the judgment, a debt not in judgment: Thorp v. Wegefarth, 56 Pa. 82. If it be true, as asserted by the defendant, that the city had the right to seize so much of the judgment as was necessary to reimburse it for moneys expended in the maintenance of the plaintiff, it is equally true that it did not so seize it, but attempted to use the claim as a set-off against the plaintiff's judgment. The whole of the judgment on its face was due and payable. The liability was fixed both as to right and as to amount. The attempted set-off was unliquidated and unproven, save as alleged in the answer to the plaintiff's petition. The claim had no such standing as permitted its use as a set-off against a judgment.

It is argued by the appellee that the order made in 1898 was a judicial determination of the question of the right to set-off now raised, and that as the appellant failed then to appeal, the right now to appeal is gone. This is not sound. The first order determined that the plaintiff was entitled to a writ of mandamus for a certain amount. It did not bar the right of the plaintiff to an alias writ if she was able to show to the court that she had a right to the payment of the undischarged balance of her judgment. On the application for the alias, the court refused the writ for a reason unsound in law. The first order was but an order awarding a partial execution. The second order definitely raised the question, whether the plaintiff was entitled to execution for the balance of her judgment. An appeal by the plaintiff from the first order would have been from the award of the writ for which she prayed. It would have stayed all execution. Accepting the order for execution and the money realized therefrom, she took this appeal from the second order which was wholly adverse and final as to the unpaid portion of the judgment. The first order was not conclusive against the right to have a second execution, nor did it prevent the court below, on application for an alias, from correcting the error committed in the limited order previously made.

The order of the court below is reversed, and it is now ordered that the record be remitted with instruction to the court below to direct an alias mandamus to issue for the balance of the judgment unpaid.