## Commonwealth ex rel. *v.* Johnson, Appellant.

*School law—Order for payment of debt—Treasurer—Public officers—Mandamus.*

In mandamus proceedings to compel the treasurer of a school district to pay an order, it appeared that the order was given for school supplies, was issued by the school board, and signed by the president and attested by the secretary. The school district was indebted in other amounts, and all the debts were to be paid out of the proceeds of an issue of bonds. In the preliminary statement of the indebtedness which was issued to validate the bonds, the claim in question was included as a subsisting debt. The proceeds of the bonds was in the hands of the treasurer two days prior to the presentation of the orders. The treasurer refused payment. In his answer to the petition for mandamus it appeared that he was a member of the school board which gave the order. He did not deny the contract for supplies, nor that the supplies were received, simply stating that he had no knowledge of any contract or resolution authorizing the purchase. He did not deny that he received the money from the proceeds of the bonds to pay the scheduled debts. *Held,* that it was not error to issue the mandamus.

Argued Jan. 18, 1904. Appeal, No. 82, Jan. T., 1904, by defendant, from order of C. P. Luzerne Co., June T., 1903, No. 140, awarding writ of mandamus in case of Commonwealth ex rel. The Caxton Company v. James Johnson. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Petition for mandamus.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in sustaining demurrer to answer.

*John J. O'Donnell*, with him *James L. Lenahan*, for appellant.

*A. C. Campbell*, for appellee.

OPINION BY ORLADY, J., March 14, 1904:

It appears by the petition in this case that the Caxton Company furnished to the Wilkes-Barre township school district certain school supplies for which the board of school directors agreed to pay $1,123.56, and on October 29, 1901, the board issued to the Caxton Company three orders aggregating the named amount, all of which were signed by the president and attested by its secretary. It further appears that the school district was indebted in other amounts, and provision was made for the payment of all its outstanding indebtedness by an issue of bonds. In the preliminary statement of the indebtedness which was issued to validate the bonds, the claim of the Caxton Company was included as a subsisting debt. James Johnson, the respondent, as treasurer of the school district, received on April 11, 1903, the full amount of the proceeds of the sale of the bonds. A demand for the payment of the three warrants or orders was made on April 13, 1903, and payment thereof was refused by Johnson for the reason " that he had paid out all the money received by him from the proceeds of the sale of said bonds." A petition for a mandamus was presented to the court, and answer was filed by Johnson, to which the petitioners demurred. After a hearing the court sustained the demurrer and directed a writ of peremptory mandamus to issue, from which decree the respondent appealed.

It is not denied that a specific fund was created for the payment of this particular claim, nor that the money was in fact in the hands of the treasurer two days prior to the presentation of the warrants for payment. The answer of the treasurer discloses the fact that he was a member of the school board at the time the warrants were issued, and provision made for their

payment by the issue and sale of the bonds.    He does not deny that the contract with the Caxton Company was regularly entered into nor that the supplies were received and in use by the district; he equivocally answers that he has no knowledge of any contract or resolution authorizing the purchase.    He does not allege that the "seventy or eighty desks, directed by a resolution of the school board to be sent back to the company with a notice that the district would not be responsible for or pay for the same" were a part of the supplies represented by the three warrants in controversy, nor does he suggest any defense to the balance of the claim.    While he does allege that whatever action was taken in the matter was not the joint action of the board, but rather that of a few members acting in secret and without lawful authority, he does not meet the question candidly and squarely by specifying the action that was taken, the number of persons participating therein or in what particular they acted without authority of law, although he had full opportunity of knowing all the facts.    The minutes of the school board, attached to the record, show that he took an active part in the deliberations of that body and acted with the majority in providing for the issue of the bonds to pay this particular claim.    He does not deny that he received the money from this source to pay these scheduled debts.    The answer is not a candid disclosure of the facts within his knowledge.    He does not suggest that there is any objection or defense to the payment of this claim by the school board as a body.    The objection comes from him alone and is set forth in an uncertain and evasive manner.    This is not sufficient under the decisions. See Douglass v. McLean and Com. v. Sholtis filed herewith.

The judgment is affirmed and mandamus directed to issue unless other legal grounds be shown why it should not.