# Douglas v. McLean, Appellant.

*Mandamus—Legal right—When the writ is granted—Municipal corporations—Payment of liabilities—Controller.*

The remedy by mandamus is a strictly legal one, and the decisions require that the appellant must establish a specific legal right, as well as a want of a specific legal remedy, and also that the writ will be granted only in extraordinary cases.

It is a general rule that whenever a statute gives power to or imposes an obligation on a particular person to do some particular act or duty, and provides no specific legal remedy for nonperformance, the court will, in order to prevent a failure of justice, grant the writ to command the doing of such act or duty.

Whether the duty to provide for the payment of the liabilities of a municipal corporation be specifically enjoined, or whether it results from the general powers and nature of the corporation, it may, in all proper cases, be equally enforced by mandamus.

Where the duty to be performed by a public officer is judicial or involves the exercise of discretion, mandamus will lie to compel the official to act in the premises and exercise his judgment and discretion, but will not direct

how the duty shall be performed or the discretion exercised.   If, however, such judgment or discretion is abused or there is a mistaken view of the law taken as applied to the admitted facts of the case, the writ will issue to compel action according to law.

Under section 8 of the Act of June 27, 1895, P. L. 403, a county controller cannot refuse to approve and certify a bill, claim or demand, until after he has investigated the matter as indicated by the statute.

Since the Act of June 8, 1893, P. L. 345, the return to a writ of mandamus must be positive, explicit and responsive in its recital of facts, and stated in a specific and substantial, but not argumentative manner, which upon a fair and reasonable construction may be called certain without recurring to possible facts that do not appear, or that are left to inference.

. On a petition by a constable for mandamus against a controller to compel the latter to approve the former's bills, a return is insufficient in which the controller avers that he had scrutinized and audited the bills, but "that the only evidence of the justice of the claims presented to him in his official capacity were the bills themselves and the files in the various cases ; that he is not satisfied that the claims are honest or just, that his refusal is not a capricious one but based upon information and knowledge which he does not deem advisable to set forth in his answer."

Argued Jan. 14, 1904.   Appeal, No. 24, Jan. T., 1904, by defendant, from order of C. P. Luzerne Co., Feb. T., 1903, No. 176, sustaining demurrer to return by writ of mandamus in case of Charles E. Douglas v. George R. McLean, Controller of Luzerne County.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Petition for mandamus.

From the petition it appeared that the respondent refused to approve of the bills of the petitioner for fees.

The return to the writ was as follows :

George R. McLean, the above named defendant, controller of Luzerne county, being duly sworn, doth depose and say, that as controller of said county it was his duty, under section 8 of the act, approved the 27th day of June, 1895, P. L. 403, to scrutinize, audit and decide on all bills, claims and demands whatsoever against the county ; that in pursuance of said section, he did scrutinize, audit, and decide on the bills, claims and demands set forth in the petition for the mandamus ; that the only evidence of the justness of the claims presented to him in his official capacity were the bills themselves and the files in the various cases ; that he is not satisfied that the claims are honest or just ; that his refusal is not a capricious

one, but based upon information and knowledge, which he does not deem advisable to set forth in his answer.

He, therefore, respectfully submits that having exercised his discretion in the refusal of payment of the bills, the court has no power to compel him to approve said bills, because the plaintiff has a full, adequate and complete remedy at law.

A demurrer was filed to the return. The court sustained the demurrer.

*Error assigned* was the order of the court.

*Edwin Shortz, Jr.*, with him *William R. Gibbons* and *George R. McLean*, for appellant.—The return made by the defendant to the alternative writ of mandamus was, in this instance, sufficient: Com. v. Allegheny County Commissioners, 16 S. & R. 317; Reading Councils v. Com., 11 Pa. 196; Com. v. Philadelphia, 176 Pa. 588; Runkle v. Com., 97 Pa. 328; Kell v. Rudy, 1 Pa. Superior Ct. 507; Dechert v. Com., 113 Pa. 229.

*John J. O'Donnell*, for appellee, cited: Com. ex rel. v. Hancock, 9 Phila. 535.

OPINION BY ORLADY, J., April 18, 1904:

The remedy by mandamus is a strictly legal one, and the decisions require that the applicant must establish a specific legal right as well as a want of a specific legal remedy, and also that the writ will be granted only in extraordinary cases: Com. v. Commrs. of Allegheny County, 16 S. & R. 317; Com. v. Henry, 49 Pa. 530; Com. v. Thomas, 163 Pa. 446. The existence of an equitable remedy is not a sufficient ground for refusing mandamus. It is the purpose of the writ to be a suppletory means of substantial justice in every case where there is no other specific legal remedy for a legal right; and provides, as effectually as it can, that all official duties be fulfilled, whenever the subject-matter is within its control. It is a general rule that whenever a statute gives power to or imposes an obligation on a particular person to do some particular act or duty, and provides no specific legal remedy for nonperformance, the court will, in order to prevent a failure of justice, grant the writ to command the doing of such act or duty: Com. v. Commissioners of Allegheny County, 32 Pa.

218; Kaine v. Com., 101 Pa. 490; Phœnix Iron Co. v. Com., 113 Pa. 563.

Whether the duty to provide for the payment of the liabilities of a corporation be specially enjoined, or whether it results from the general powers and nature of the corporation, it may, in all proper cases, be equally enforced by mandamus: 2 Dillon on Munic. Corps. secs. 487, 849, 850, and notes.

The Act of June 8, 1893, P. L. 345, was not intended to make mandamus a substitute for the writ of assumpsit, the ordinary proceedings and a trial. Where all the facts are admitted upon the record, the courts will determine the case and allow or refuse the writ as to justice belongs. It was never intended that a respondent in such a proceeding should be compelled to do anything that it is not his duty to do or that it is his duty not to do, or to give the relator anything to which he is not entitled by law. It is but a command to exercise a power already possessed, or to perform a duty already imposed by a statute, and where the duty to be performed is judicial or involves the exercise of discretion, mandamus will lie to compel the official to act in the premises and exercise his judgment and discretion, but will not direct how the duty shall be performed or the discretion exercised. If, however, such judgment or discretion is abused or there is a mistaken view of the law taken as applied to the admitted facts of the case, the writ will issue to compel action according to law. The right and duty of the respondent in this case is clearly set out in the Act of June 27, 1895, P. L. 403. Under section eight he is directed to scrutinize, audit, and decide on all bills, claims, and demands and is empowered to examine, under oath or affirmation, all persons having such claims, and, if deemed necessary, to require additional proof that the claim is legally due. Before he refuses to approve and certify a bill, claim, or demand, he should investigate the matter as indicated by the statute.

The return to the writ should be direct and stated in an unqualified manner, not inferentially or argumentative but with certainty and plainness: Com. v. Commissioners of Allegheny County, 32 Pa. 218. The requirement of the law is not met by simply averring that "he did scrutinize, audit, and decide," nor should he be "not satisfied that the claims are honest and just" until he has applied the tests fixed by the statute. The

respondent should not withold the information and knowledge upon which he founds his conclusion simply because he "does not deem it advisable to set them forth in his answer." His duty is discharged only when he clearly and frankly discloses a legal reason for withholding his approval. In Com. v. Philadelphia, 176 Pa. 588, it was said: "The duties of the controller, as was held in Com. v. George, 148 Pa. 463, are partly ministerial and partly discretionary and while the courts will not review his discretion exercised in a proper case, yet he is not above the law and his discretion is not arbitrary but legal. When, therefore he is called upon by the courts, the facts must be made to appear sufficiently to show that they bring the case within his discretion, and that it was exercised in obedience to law. On this subject the courts are the final authority, and their jurisdiction cannot be ousted by simply putting forth the assertion of discretionary power without showing that the matter was properly within such discretion." See also Com. v. Philadelphia, 180 Pa. 12, and Com. v. Pittsburg, 204 Pa. 219.

In the case before us the answer of the controller is evasive and lacking in precision; it is argumentative and does not set out any facts on which his conclusion is founded; it does not show that he made any investigation as to the legality of the claims, nor does it show the source of his information and knowledge which he withholds from the record as "not advisable to set forth." While the Act of June 8, 1893, P. L. 345, requires that "in such return, certainty to a certain intent in general, and no more, shall be required," the same section designs that it shall not be "uncertain, vague, evasive, or informal in any respect:" Kell v. Rudy, 1 Pa. Superior Ct. 507. It should be so certain as to advise the court of all the facts of the case, in order that it may be able to judge from the record whether the respondent is justified in his refusal to do the thing prayed for.

The sufficiency of the return as fixed by Prospect Brewing Co.'s Petition, 127 Pa. 523 (decided in 1889), viz: "there is no form of pleading known to the law in which greater cer-. tainty is required than in a return to a writ of mandanus. It requires not only the greatest possible certainty; not merely certainty to a common intent, or certainty to a certain intent in general, but certainty to the greatest possible intent,

or as it is sometimes called, certainty to a certain intent in every particular" has been very materially changed by the act of 1893, but the rule yet remains that the return should be positive, explicit, and responsive, in its recital of facts, and stated in a specific and substantial but not argumentative manner, which upon a fair and reasonable construction may be called certain without recurring to possible facts that do not appear, or that are left to inference, as in the earlier case of Com. v. Commissioners of Allegheny County, 32 Pa. 218, 224. See also 13 Ency. Pl. & Pr. 716.

The judgment is affirmed and mandamus to be issued unless other legal grounds be shown why it should not.

RICE, P. J., and HENDERSON, J., dissent.