# Breslin, Appellant, *v.* Earley.

*Boroughs—Borough president and treasurer—Payment of borough debt— Refusal of president to sign order—Mandamus.*

Payments of the debts of a borough lawfully incurred in the daily administration of its affairs, is purely ministerial, and ordinarily involves no executive action, but devolves upon the council and the treasurer.

Where a borough council has ordered the payment of a debt due by the borough on a building contract, and the borough president refuses to sign an order for the payment, on the ground that in his judgment the contract was not properly performed, the president may be compelled by mandamus to sign the order, inasmuch as the signing of the order is a mere ministerial act, and it is not the judgment of the president, but it is that of the council which determines that the bill should be paid.

One of the most common uses of the writ of mandamus is to enforce obedience of officers who decline performing a mere ministerial act, and where such an act is to be done, a specific duty or act enjoined, and there is no other specific remedy, performance will be compelled by mandamus.

Argued March 2, 1908. Appeal, No. 54, March T., 1908, by plaintiff, from order of C. P. Carbon Co., Oct. T., 1907, No. 50, refusing writ of mandamus in case of Andrew Breslin v. John Earley, Jr., President of the Town Council of Lansford Borough, Pa. Before RICE, P. J., PORTER, HENDERSON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Petition for mandamus. Before HEYDT, P. J.

The facts appear by the opinion of the Superior Court.

The court entered judgment for defendant on a demurrer to the answer to the petition.

*Error assigned* was the judgment of the court.

*Laird H. Barber,* with him *Leighton C. Scott,* for appellant.—
The president of the town council is a purely ministerial officer,
invested with no judicial or discretionary powers as such, and
his act in attesting a warrant is in obedience to the mandate
of councils without regard to, or the exercise of, his own judg-
ment upon the propriety of the act done; and so long as coun-
cil did not act corruptly, it was not within his power to ques-
tion the wisdom of the act: Dechert v. Com., 113 Pa. 229.

The use of the writ of mandamus is to enforce obedience
of officers who decline doing a mere ministerial act: Com. v.
City of Philadelphia, 2 W. N. C. 124; Roth v. Marshall, 158
Pa. 272; Perkins v. Slack, 86 Pa. 270; Com. v. George, 148 Pa.
463; Douglas v. McLean, 25 Pa. Superior Ct. 9; Schweers v.
Muhlenberg, 19 Pa. Superior Ct. 388; Com. v. Philadelphia, 176
Pa. 588; Com. v. Pittsburg, 204 Pa. 219; Com. v. Larkin, 216
Pa. 128.

*E. O. Nothstein,* with him *Wm. G. Freyman,* for appellee.—
The Supreme Court has frequently announced the rule that the
remedy by mandamus is a strictly legal one and that the
relator must establish a specific right as well as a want of a spe-
cific legal remedy: Com. v. Mitchell, 2 P. & W. 517; Reading v.
Com., 11 Pa. 196; James v. Commissioners of Bucks County,
13 Pa. 72; Heffner v. Com., 28 Pa. 108; Com. v. Henry, 49 Pa.
530; Com. v. James, 214 Pa. 319; Com. v. Pittsburg, 34 Pa.
496; Lehigh Water Co.'s App., 102 Pa. 515; Com. v. Fitler, 136
Pa. 129; Kensington Electric Co. v. Phila., 187 Pa. 446; Mercur
v. Electric Light, etc., Co., 19 Pa. Superior Ct. 519; Douglas v.
McLean, 25 Pa. Superior Ct. 9; Com. ex rel. v. James, 214 Pa.
319; Com. v. Rosseter, 2 Binney, 360; Com. v. Commissioners
of Allegheny Co., 16 S. & R. 317; People v. Thompson, 25 Barb.
73; Com. ex rel. Pa. Globe Gas Light Co. v. Buchanan, 6 Kulp,
217.

OPINION BY ORLADY, J., April 20, 1908:

On April 26, 1906, the plaintiff entered into a contract with
the borough of Lansford for the erection of a two story brick
addition and certain alterations to be made to an engine and

hose house in accordance with plans and specifications prepared by a selected architect. In June at a regularly convened meeting of the borough council, a resolution was duly passed by a vote of seven to two, that an order be drawn on the treasurer for the sum of $769.40 in favor of the plaintiff in settlement of the balance found to be due on his contract. This order was drawn and attested by the secretary, and when presented to the defendant as president of the town council for his signature, he refused to sign it. A petition for a writ of alternative mandamus was presented to the court of common pleas to require him to perform this duty, to which he filed an answer setting out at length a number of alleged defects in the work and failures to comply with the specifications contained in the terms of the contract, and stating that he "has refused to sign the warrant because he verily believes that the contractor is not entitled to this money, not having done and not performed all the work under the contract, and that the town council of the borough of Lansford has no authority to accept the said work, knowing that it is defective and not all the work done according to the contract." After hearing on the petition, answer and demurrer, a judgment was entered for the defendant. The learned judge hearing the case concedes that generally speaking the signing of orders upon the treasurer of a town council for the payment of money regularly passed by such council, is a ministerial act, and that as an abstract legal proposition it is the duty of the president of the town council to sign such orders. This is true of proceedings of town councils of boroughs, and more especially of the borough of Lansford, which has an ordinance providing among the duties of the president, "He shall sign all bonds, orders regularly passed by the council," but the court concluded that the plaintiff had an adequate remedy at law, and that the defense to the contract as raised in the return of the president of the council, was sufficient to defeat the application. The objections raised are certainly no more specific than the ones alleged in Commonwealth v. Philadelphia, 176 Pa. 588, in which the Supreme Court says, "The only contest comes from the controller, and his grounds of objection, set out at length

in his answer, show that none of them was founded on matters within his discretion," and in Commonwealth v. Larkin, 216 Pa. 128, reviewing the foregoing case, it is held, "If the contract be on its face regular, and the requirements of the statutes in connection therewith have been fully met, the controller is without choice in the matter; and it becomes at once his duty in such cases to number the contract according to its date, charge it against the proper item of appropriation, and certify it accordingly. No opinion, or so-called discretion of the controller can justify him in withholding his certificate from such a contract. The objection that it is illegal, or that it has not been complied with in all its requirements, is the expression of an opinion which the respondent has a perfect right to entertain, but which we cannot be expected to seriously consider. Should questions arise in consequence of this alleged conflict or ambiguity, the courts may be trusted to meet and solve them. The one question in the case is, shall the controller be required to certify this contract? It is his duty to certify all municipal contracts which have been entered into under and in compliance with statutory requirements. The powers and duties incident to his office are purely statutory, and when one holding the office asserts the right to avoid or ignore a duty plainly enjoined, nothing can vindicate such right short of a statutory provision equally explicit with that which enjoins the duty." We held in Commonwealth v. Sholtis, 24 Pa. Superior Ct. 487, that an order to pay money out of the general funds of a borough, even when signed by the president and clerk of the borough council directed to the borough treasurer, is not a paper upon which suit may be brought, being neither a bill, note, check, nor contract; and it is not a satisfaction of the original indebtedness against such an order. The borough may set up the defense of ultra vires, or fraud, or want or failure of consideration. Warrants for the payment of the ordinary debts of a borough, lawfully incurred in the daily administration of its affairs, are sufficiently executed if signed by the president of council: Commonwealth v. Diamond National Bank, 9 Pa. Superior Ct. 118. While the president is a member of the council, and by the act of 1893 its presiding officer, and, as such,

a part of the law making power of the borough, his duties do not give him discretionary power to revise lawful contracts, or withhold his approval of contracts that have been approved by the body over which he presides. The answer as filed is argumentative in many respects, and the conclusions stated by the defendant are those founded on his opinion as a member of the town council. It may well be, that after a full investigation of all the facts, in which all parties were equally interested and in the exercise of their best business judgment as councilmen, they as representatives of the borough concluded to waive the technical performance of some of the specifications mentioned in the written contract, and by their vote of seven to two concluded that it was to the best interests of the borough to pay the balance as ascertained. On this subject the councils are the better authority, and their jurisdiction cannot be ousted by a ministerial officer by simply putting forth the assertion of even a discretionary power, without showing that the matter was properly within such discretion: Douglas v. McLean, 25 Pa. Superior Ct. 9; Jones v. Light, Heat, etc., Co., 202 Pa. 164. Payment of the debts of a borough lawfully incurred in the daily administration of its affairs, is purely ministerial, and ordinarily involves no executive action, but devolves upon the council and the treasurer. The validity of the contract is not questioned, and its performance is challenged only by the president of the council. One of the most common uses of the writ of mandamus is to enforce obedience of officers who decline performing a mere ministerial act, and where such an act is to be done, a specific duty or act enjoined, and there is no other specific remedy, performance will be compelled by mandamus: Perkins v. Slack, 86 Pa. 270; Commonwealth v. George, 148 Pa. 463; Commonwealth v. Pittsburg, 204 Pa. 219. We do not consider that the merits of the claim, in payment of which the order was directed to be issued, are before the court, and we are not called upon to pass them. That is a question committed, in the first instance, exclusively to the discretion and control of the duly constituted authorities of the borough who in this proceeding are not disputing the claim or questioning its validity. If the borough council

would indicate that there was a defense to the claim, it is clear there could be no remedy by mandamus, but only by suit prosecuted to judgment in the ordinary course of law.

The judgment is reversed and mandamus directed to be issued, unless other and legal grounds be shown why it should not.