# Isenberg, Appellant, *v*. Black.

*Bounties—Mandamus—Payment of scalp certificate—County commissioners—Act of April 10, 1907, P. L. 60.*

1. A petition for mandamus against county commissioners to compel the payment of scalp certificates issued under the Act of April 10, 1907, P. L. 60, for killing certain wild animals, will not be granted where the petition and its exhibits do not set forth the name of person killing the animal, the time it was killed, the name of the place where it was killed, the date when the certificate was given, or any other facts to identify the particular certificates.

2. A petition to compel a public officer to allow or pay a claim held by the petitioner, or to issue a warrant therefor, ought to describe the claim in such terms as to identify it and distinguish it from all other claims of a similar kind.

3. It is no answer to a proper petition for mandamus against county commissioners that the amount of money in the county treasury did not exceed $200 where the amount claimed was only $1.00.

Argued Oct. 31, 1912. Appeal, No. 233, Oct. T., 1912, by plaintiff, from decree of C. P. Huntingdon Co., Sept. T., 1912, No. 30, refusing writ of peremptory mandamus in case of B. F. Isenberg v. Adam J. Black, J. G. Allison and W. S. Herncane, Commissioners of Huntingdon County. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Reversed.

Petition for mandamus. Before WOODS, P. J.
The opinion of the Superior Court states the case.

*Error assigned* was decree refusing petition for writ of mandamus.

*James S. Woods*, for appellant.

*R. A. Orbison*, for appellees.

OPINION BY RICE, P. J., April 21, 1913:
The petitioner alleged, that he had acquired by assignment for a valuable consideration "scalp certificates"

issued under the Act of April 10, 1907, P. L. 60, to his assignors for killing twelve wild cats, 431 foxes, and 473 minks and weasels since January 1, 1910; that he presented these certificates to the defendants, and demanded that they issue orders to him upon the county treasurer for the amount ($1,383) of the rewards or bounties prescribed by that act; and that they refused to comply with his demand. Excepting as to one certificate the petition neither sets forth in its body nor in the exhibit attached thereto, the name of the person killing the animal, the time it was killed, the name of the place where it was killed, and the date when the certificate was given; nor are these certificates otherwise described so as to indentify them. A petition to compel a public officer to allow or pay a claim held by the petitioner, or to issue a warrant therefor, ought to describe the claim in such terms as to identify it and distinguish it from all other claims of a similar kind. There are particular reasons why this should have been done in the present case. In view of the indefiniteness of the petition we are not prepared to say that the court was bound to award a mandamus to compel the commissioner to issue orders for claims so inadequately described.

The foregoing objection does not apply to the certificate set forth at length in exhibit "B," attached to the petition. This conforms in every particular with the requirements of sec. 3 of the act, and shows that the person killing the animal had complied with all the statutory conditions necessary to be complied with in order to entitle him to the certificate and to the reward or bounty. The defendants' return to the alternative writ of mandamus does not deny this, nor question the assignment to the plaintiff; therefore, it is to be taken as admitted that the certificate was properly issued, that the person to whom it issued had earned the bounty or reward offered by the act and that he had duly assigned his right, title and interest therein to the plaintiff.

The defendants set up in their return that on July 8,

1912, that being the date when the certificate was presented to them and the order demanded, the amount of money in the treasury of the county did not exceed $200. But as the amount of the order to which the plaintiff is entitled under this certificate is only $1.00, the foregoing allegation furnishes no ground for withholding the order.

The remaining reason assigned for holding that the county commissioners ought not to be compelled to issue the order, is, that there is no existing appropriation of state moneys out of which the county can obtain reimbursement if it pays the order. This objection has been considered in the case of Brink v. Marsh et al., post, p. 000, in which we herewith file an opinion, and for the reasons there stated, this objection is overruled.

The judgment is reversed and the record is remitted to the court below with direction to award a peremptory mandamus in favor of the plaintiff and against the defendants, commanding the latter to issue to the plaintiff an order on the treasurer of Huntingdon county for the payment to him of $1.00, that being the amount due under the certificate dated May 4, 1912, which is set forth at length as exhibit "B" attached to the petition.