Ribblet *v.* Westrick, Appellant.

Argued March 31, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*George M. Spence,* for appellant.

*Frank P. Barnhart,* of *Barnhart & Adams,* for appellee.

OPINION BY MR. JUSTICE PARKER, April 14, 1941:

This is an appeal from a judgment in mandamus proceedings commanding the respondent, the controller of Cambria County, to pay to the plaintiff the sum of $61.40, being two per cent commission on taxes returned

by him and later paid to the county treasurer. The appeal should have been to the Superior Court.

By paragraph 7 [c] of the Act of June 24, 1895, P. L. 212, as amended (17 PS § 184), it is provided that the Superior Court shall have exclusive and final jurisdiction of appeals which were then allowed to the Supreme Court in "any action, claim, distribution, or dispute of any kind in the common pleas, at law or in equity, . . . if the subject of the controversy be either money, chattels, real or personal, or the possession of or title to real property, and if also the amount or value thereof really in controversy be not greater than twenty-five hundred dollars." This act was subsequent to the Act of June 8, 1893, P. L. 345, § 29 (12 PS § 1975), providing for an appeal in mandamus proceedings to this court. The Superior Court has consistently, and we think properly, assumed jurisdiction in cases like the present one: *Com. ex rel. v. Diamond National Bank,* 9 Pa. Superior Ct. 118; *Miller v. City of Bradford,* 19 Pa. Superior Ct. 297; *Com. ex rel. v. Johnson,* 24 Pa. Superior Ct. 490; *Douglas v. McLean,* 25 Pa. Superior Ct. 9; *Breslin v. Earley,* 36 Pa. Superior Ct. 49; *Isenberg v. Black,* 53 Pa. Superior Ct. 300.

That line of cases is not to be confused with those in which the value of the right sought to be enforced cannot be expressed in money, of which *Neubert v. Armstrong Water Co.,* 26 Pa. Superior Ct. 608, is an example. There stockholders sought permission to inspect the books of the corporation. It was held that this court and not the Superior Court had jurisdiction. Also, see the cases cited therein. In the Neubert case the Superior Court said (p. 609) : "In view, however, of one of the suggestions made upon the argument, we remark that the objection that an appeal will not lie to the Superior Court in any mandamus case whatever, is not sustained." This evidently was made on the authority of the prior decisions of the court to which we have referred. While *Walker's Appeal,* 294 Pa. 385, 144 A.

288, was not a proceeding in mandamus, the distinction between the two lines of cases was recognized by this court and some of the cases to which we have referred were cited. Rule No. 52 of this court is in accord with our conclusion.

This case is certified to the Superior Court for hearing and decision.