## Brislin *v.* Hendershot, Appellant.

*Road law—County roads—Employment of laborers by commissioners—Salary board—Acts of April 4, 1907, P. L. 58, and May 11, 1911, P. L. 244.*

Under the Act of May 11, 1911, P. L. 244, county commissioners may employ laborers to repair county roads, and fix their per diem wages, without affirmative action by the salary board created by the Act of April 4, 1907, P. L. 58.

Argued March 7, 1917. Appeal, No. 53, March T., 1917, by defendant, from order of C. P. Luzerne Co., June T., 1916, No.' 378, awarding mandamus in case of John F. Brislin v. Fuller R. Hendershot, Controller of Luzerne Co. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Petition for mandamus to compel approval of claim for wages for repairing county roads.

The opinion of the Superior Court states the case.

*Error assigned* was order awarding mandamus.

*James M. Stack,* for appellant.

*William S. McLean, Jr.,* County Solicitor, and *William S. McLean,* for appellee.

OPINION BY KEPHART, J., April 16, 1917:

The commissioners of Luzerne County employed Brislin as a day laborer to repair a county highway. They fixed his compensation and later approved his bill for services, which the controller refused to honor, for the reason that the salary board of that county did not fix and determine "the number and compensation of the employees" of the highway department as provided by the Act of April 4, 1907, P. L. 58.

Without discussing the scope of this act, the Act of May 11, 1911, P. L. 244, provides an extensive system for the development, construction and care of county roads. It was the intention of the legislature to place these highways within the exclusive control of the county commissioners, not only for the specific purposes there mentioned, but to meet conditions which must necessarily arise when the act is put into operation. These roads and the traveling public would suffer greatly if on each occasion of a broken culvert, plank on a bridge or washout on a road, it would be necessary to assemble the salary board to fix and determine what compensations should be paid and the number of men who would repair the damage. The changing character of the labor usually engaged in such work, and the short space of time some remain employed, make it necessary that someone close to the actual conditions have authority to act immediately. This was the intention of the Act of 1911. Section 1 of that act provides that it shall be the duty of the county commissioners to maintain and keep county highways in repair and the expenses should be paid by the county. Section 13 authorizes the county commissioners to let to third parties by proposal and contract the maintenance and repair of these roads, and to pay the expense thereof, or they may employ the labor to make the repairs. Section 14, when read in connection with the preceding section, and in the light of the entire act, gives to the county commissioners authority to fix the per diem pay of the day laborer employed in connection with these highways.

The assignments of error are overruled, and the judgment is affirmed.