R. C. GARDNER v. BOARD OF TRUSTEES OF NORTH CAROLINA LOCAL GOVERNMENTAL EMPLOYEES' RETIREMENT SYSTEM.

(Filed 5 June, 1946.)

**1. Retirement System § 9—**

A policeman, who is a member of and entitled to the benefits of the Law Enforcement Officers' Benefit and Retirement Fund, G. S., 143-166, is not also eligible to become a member of the Local Governmental Employees' Retirement System. G. S., 128-24 (2).

**2. Retirement System § 18: Criminal Law § 66—**

The additional cost in criminal cases provided by G. S., 143-166, is not intended to be used to compensate the officers who make the arrests or participate in the prosecutions, but is to be paid to the State Treasurer and by him received, G. S., 147-68, as public funds for disbursement under the provisions of the statute for the purposes of the Law Enforcement Officers' Retirement Fund.

**3. State § 1c—**

Moneys paid into the hands of the State Treasurer by virtue of a State law become public funds for which the Treasurer is responsible, and may be disbursed only in accordance with legislative authority. State Constitution, Art. XIV, sec. 3.

APPEAL by plaintiff from *Bobbitt, J.*, 6 April, 1946. From MECKLENBURG. Affirmed.

Petition for *mandamus* to require defendant to accept and enroll plaintiff as a member of its retirement system.

Judgment was rendered on the pleadings for defendant and the plaintiff appealed.

*John D. Shaw for plaintiff, appellant.*

*Attorney-General McMullan and Assistant Attorney-General Moody for defendant, appellee.*

DEVIN, J. The question presented by this appeal is whether a city policeman, who is a member of and entitled to the benefits of the Law Enforcement Officers' Benefit and Retirement Fund, is also eligible to become a member of the Local Governmental Employees' Retirement System.

The court below held that plaintiff was excluded from membership in the Local Governmental Employees' Retirement System by reason of the express provisions of the statute, G. S., 128-24 (2).

It was admitted in the pleadings that the plaintiff is and has been for a number of years a member of the police department of the City of Charlotte, and as such is a member in good standing in the Law Enforcement Officers' Benefit and Retirement Fund, a corporate body created and established by ch. 349, Public Laws 1937, now G. S., 143-166.

On 15 February, 1946, the plaintiff signified his desire to become also a member of the Local Governmental Employees' Retirement System, a corporate body created by statute, now codified as G. S., 128-24. The plaintiff's employer, the City of Charlotte, now participating in the Local Governmental Employees' Retirement System, thereupon deducted the proper amount from plaintiff's salary and transmitted it, together with the added amount from the city's funds, as provided by the statute, to the defendant. The defendant declined to accept plaintiff as a member of its system and returned the contribution. This action was based on the ground that plaintiff was excluded from membership in the Local Governmental Employees' Retirement System by the following provision in the statute: "Persons who are or who shall become members of any existing retirement system and who are or who may be thereby entitled to benefits by existing laws providing for retirement allowances for employees wholly or partly at the expense of funds drawn from the treasury of the State of North Carolina or of any political subdivision thereof, shall not be members." G. S., 128-24 (2).

It is conceded that the plaintiff as an employee of the City of Charlotte would be entitled to make contributions and receive the benefits provided for local governmental employees by G. S., 128-24, unless he is rendered ineligible therefor because of his membership in the Law Enforcement Officers' Benefit and Retirement Fund and his right as such

member to receive retirement allowances which are provided "wholly or partly at the expense of funds drawn from the treasury of the state."

The funds for retirement allowances and other benefits under the Law Enforcement Officers' System are obtained in part by deductions from members' salaries, but more largely are provided by State law, G. S., 143-166, from the following source:

"In every criminal case finally disposed of in the criminal courts of this state, wherein the defendant is convicted . . . and is assessed with the payment of costs . . . there shall be assessed against said convicted person . . . two dollars ($2.00) additional cost to be collected and paid over to the treasurer of North Carolina and held in a special fund for the purposes of this article." It is further declared in the statute that "No state employee participating in the benefits of this article shall be eligible to participate in the retirement benefits provided by the Teachers' and State Employees' Retirement System Act." Highway patrolmen were permitted to make election between membership in the Teachers' and State Employees' Retirement System and the Law Enforcement Officers' Fund by ch. 120, Public Laws 1943.

The additional cost in criminal cases provided by G. S., 143-166, is not intended to be used to compensate the officers who make the arrests or participate in the prosecution, but is paid to the State Treasurer and by him disbursed under the statute for the purposes of the Law Enforcement Officers' Retirement Act. The money is obtained under the power of the State to enforce collection, and is placed in the hands of the State Treasurer to be handled by him in accordance with the provisions of a State law. Thus the money used to finance the Law Enforcement Officers' Benefit and Retirement Fund, in part, is paid by the State Treasurer out of a special fund in the treasury of the State, accumulated from collections enforced by law.

We do not think the exclusion from membership in the defendant's system, as expressed in the statute, should be interpreted to apply only to those receiving retirement allowances from the general funds in the State Treasury derived from general taxation, but should be understood as applicable to those entitled to benefits from any funds coming into the hands of the State Treasurer by virtue of a State law. This seems to be the intent and purpose of the Act.

The plaintiff calls attention to the language of the two statutes and argues that the statute, G. S., 128-24 (2), denies membership in the defendant's system only to persons who are entitled to benefits at the expense of funds drawn from the "treasury," whereas the amounts available for the Law Enforcement Officers' Retirement Fund derived from the additional costs in criminal cases under G. S., 143-166, are required to be paid to the State "treasurer" and by him held in a special fund for

the purposes of the Act. However, we do not regard this as controlling, since it is the duty of the State Treasurer "to receive all monies which shall from time to time be paid into the treasury of this state." G. S., 147-68. And once in the treasury "No money shall be drawn from the treasury but in consequence of appropriations made by law." Cons., Art. XIV, sec. 3. Moneys paid into the hands of the State Treasurer by virtue of a State law become public funds for which the Treasurer is responsible and may be disbursed only in accordance with legislative authority. A treasurer is one in charge of a treasury, and a treasury is a place where public funds are deposited, kept and disbursed. Webster.

An examination of the pertinent statutes now in force leads to the conclusion that a local police officer may become a member of either retirement system, but may not belong to both.

The constitutionality of G. S., 143-166, is not presented by this appeal and is not decided by the disposition of this case.

For the reasons stated, we think the court below has ruled correctly, and that the judgment should be

Affirmed.