## Bono *v.* Krommes, Appellant.

450

Argued June 13, 1963.  Before RHODES, P. J., ER-
VIN, WRIGHT, WOODSIDE, MONTGOMERY, and FLOOD, JJ.
(WATKINS, J., absent).

*Joseph S. Lilienthal,* for appellant.

*Isadore E. Krasno,* with him *Ralph M. Bashore,* for
appellees.

OPINION BY WOODSIDE, J., September 12, 1963:

This is an appeal by the County Controller of Schuylkill County from an order of the Court of Common Pleas of that county entered in a mandamus action directing him to approve the payment of $235.13 from the County Liquid Fuels Tax Fund to Alex Bono, the plaintiff. Upon petition of the controller, a supersedeas was granted by this Court. Similar actions by two other men are pending. Under a stipulation these are to be determined by the final order in this case.

Bono and the plaintiffs in the other actions were appointed by a majority of the County Commissioners of Schuylkill County to construct, reconstruct and maintain county bridges, and thereafter they performed the work required of them. When the warrants for the payment of their wages were sent to the controller, he refused to approve them on the ground that the hiring of these men was illegal because there was no prior action of the salary board creating the positions and fixing the salaries as is required by The County Code of August 9, 1955, P. L. 323. Bono and the other men, with the joinder of the county commissioners, then brought this mandamus action against the controller to compel him to approve the warrants for their wages. An effort had been made by two of the county commissioners to have the salary board create these jobs, but when a majority of the board failed to create the jobs and fix the salaries, the two county commissioners appointed the plaintiffs without salary board approval.

Section 1620 of The County Code of August 9, 1955, P. L. 323, 16 P.S. §1620, provides: ". . . The salaries and compensation of all appointed officers and employes who are paid from the county treasury shall be fixed by the salary board created by this act for such purposes." Section 1623 of The County Code, 16 P.S. §1623, also provides that the salary board "shall fix the compensation of all . . . persons whose compensation is

paid out of the county treasury (except employes of county officers who are paid by fees and not by salary), . . .".

The plaintiff contends, and the court below held, that he is not to be "paid out of the county treasury," and, therefore, the above provisions of the code do not apply.

It is argued that the appointments were made under authority of the Act of May 21, 1931, P. L. 149, and that The County Code, supra, is not applicable. The above Act of 1931 is "The Liquid Fuels Tax Act,"—the act which imposes what is commonly known as the "gas tax".

Section 10 of The Liquid Fuels Tax Act, as amended, 72 P.S. §2611j, provides that one half cent per gallon of the tax shall be paid into the Liquid Fuels Tax Fund of the State Treasury and this money is then specifically appropriated to the respective counties of the Commonwealth. The section provides, inter alia: "All moneys received by the counties hereunder shall be deposited and maintained in a special fund designated as the 'County Liquid Fuels Tax Fund' into which no other moneys shall be deposited and commingled . . . Moneys so received and deposited shall be used only for the purpose of construction, reconstruction, maintenance, and repair of roads, highways and bridges . . ." There is nothing in The Liquid Fuels Tax Act relating to the appointment of employes to maintain the county roads and bridges. Although the right to appoint employes to perform functions imposed by the Act of 1931 exists, those performing these functions are county employes to be appointed as other county employes under the provisions of The County Code, supra.

When the designated tax money is "paid to the respective counties", it becomes county money. Where does the county keep this money except in its treasury? True, the use of the money is restricted to particular

purposes, and it cannot be commingled with other county funds, but it is county money in the hands of the county treasurer. It is no longer the Commonwealth's money; it is not the treasurer's money or the county commissioners' money; it is the county's money, and it is in the county treasury. Therefore, any county employe paid from this fund must have his salary fixed by the salary board as provided by §1620 and §1623 of The County Code, supra. To suggest that this money is not in the county treasury and is not subject to the provisions of The County Code is like saying that the scores of special state funds are not a part of the state treasury and that the employes who are paid from them are not subject to the provisions of the acts relating to the duties of state employes. County money held by the treasurer is a part of the county treasury whether the particular money is in the general fund or in a special fund.

It has been said that moneys are considered in the treasury whenever and wherever they are in the official custody of the treasurer, or subject to his direction or control. *People v. McKinney*, 10 Mich. 54, 86 (1862). See also *Gardner v. Board of Trustees of N.C. Local Govt. Emp. Ret. System*, 38 S.E. 2d 314, 316, 226 N.C. 465 (1946).

It is so evident to us that the plaintiffs are seeking to be "paid out of the county treasury" and therefore should have had their jobs established and their salaries set by the salary board as provided in §1620 and §1623 of The County Code, supra, that we carefully examined the opinion of the court below to determine what misled it. We found that court had relied upon *Brislin v. Hendershot*, 66 Pa. Superior Ct. 536 (1917). There this Court decided that employes to repair county roads could be appointed by the county commissioners without the approval of the county salary board. Although at first blush the case would appear to be ap-

posite, upon examination we find it to be one of statutory interpretation of two acts quite different from the ones here involved.

By the Act of April 4, 1907, P. L. 58, a county salary board had been constituted in certain counties "to fix and determine . . . the number and compensation of the employes of any and all county offices, boards, bureaus, departments, and divisions thereof . . ." Four years later, the legislature passed the Act of May 11, 1911, P. L. 244, which set up detailed procedure for the taking over, construction and maintenance of highways by counties. It contained a provision that all acts or parts of acts inconsistent therewith were repealed. One of the provisions of the Act of 1911 contained in §13 was that "the commissioners, or a majority of them, of the several counties of this Commonwealth, are hereby authorized to employ or appoint the proper persons, . . . to properly maintain and keep in repair all public roads or highways" which were or would become county roads. This Court held that the legislature by granting the specific power of appointment of employes to the county commissioners made it unnecessary to receive the approval of the salary board which was necessary for other county employes under the Act of 1907. We have no quarrel with the interpretation made in that case of the statutes there being considered. Here, however, The County Code passed in 1955 refers to all county employes paid out of the county treasury. The act makes no exception of those employes carrying out the duties imposed upon the counties by the Act of 1931. Furthermore, the Act of 1931, unlike the Act of 1911, contains no provision for the appointment of employes by the county commissioners.

It seems clear to us that employes paid out of county money kept in a special fund created by the Act of 1931 are paid out of the county treasury, and are sub-

ject to the provisions of §1620 and §1623 of The County Code.

It has been suggested by the appellee that this Court does not have jurisdiction of this appeal and should dismiss it. Were we of the opinion that we lack jurisdiction, we would not dismiss the appeal but would certify it to the Supreme Court. Appellate court review in mandamus cases is provided by statute. Prior to the creation of the Superior Court, appeals from the courts of common pleas to the Supreme Court in actions of mandamus were specifically authorized by the Act of June 8, 1893, P. L. 345, 12 P.S. §1975. When the Superior Court was created, §7(c) of the Act of June 24, 1895, P. L. 212, as amended, 17 P.S. §184, gave the Superior Court jurisdiction of "Any action, claim, distribution, or dispute of any kind in the common pleas, at law or in equity, . . . if the subject of the controversy be . . . money, . . . and if also the amount . . . in controversy be not greater than five thousand dollars . . ." As we view it, the subject of the controversy here is money in the amount of $221.68 which the plaintiff is seeking to obtain from a special county fund by an action of mandamus in the court of common pleas. Although this Court does not have jurisdiction in all mandamus actions, it does have jurisdiction in mandamus where the subject of the controversy is money in an amount not greater than $5000. See *Ribblet v. Westrick*, 341 Pa. 484, 19 A. 2d 394 (1941). We, therefore, refused to dismiss or certify the appeal and have disposed of the case on the merits.

Decree reversed.

WATKINS, J., took no part in the consideration or decision of this case.