**OPINION OF THE JUSTICES OF the SUPREME COURT in Response to Questions Propounded by the Governor of Delaware.**

Supreme Court of Delaware.

Jan. 10, 1974.

To His Excellency Sherman W. Tribbitt
Governor of Delaware

Reference is made to your letter dated January 4, 1974, requesting the opinions of the Justices, under 10 Del.C. § 141,[1] upon certain questions contained therein.

■ We are unable to respond to the several questions in the manner and form presented, because of the limitations of 10 Del.C. § 141 by which we are bound. See Opinion of the Justices, Del.Supr., 88 A.2d 128 (1952). That Statute provides for advisory opinions "touching the proper construction of any provision of the Constitution * * * or the constitutionality of any law * * *." Insofar as the questions presented seek merely the construction of Statutes or the propriety of actions thereunder, the questions are not within the scope of the Advisory Opinion Statute, and we must respectfully decline to respond to them.

We think, however, that the basic questions involved may be formulated within 10 Del.C. § 141 as follows:

(1) Does Article 2, Section 4 of the Delaware Constitution, Del.C.Ann.[2] change the historic biennial concept of the General Assembly?

■ (2) Is Senate Joint Resolution No. 36 unconstitutional [3] under Article 2, Section 16 of the Delaware Constitution?[4]

---

1. 10 Del.C. § 141 provides in pertinent part:
"(a) The Justices of the Supreme Court, whenever the Governor of this State may require it for public information, or to enable him to discharge the duties of his office with fidelity, shall give him their opinions in writing touching the proper construction of any provision in the Constitution of this State, or of the United States, or the constitutionality of any law enacted by the Legislature of this State * * *."

2. Del.Const. Art. 2, § 4 provides:
"The General Assembly shall convene on the second Tuesday of January of each calendar year unless otherwise convened by the Governor, or by mutual call of the presiding officers of both Houses."

3. Senate Joint Resolution No. 36 is a "law" within the meaning of 10 Del.C. § 141: it was

4. See note 4 on page 582.

(3) Do the quoted words "money" in the "treasury", as used in Article 8, Section 6 of the Delaware Constitution,[5] include the "General Fund", as defined in 29 Del.C. § 6102?[6]

*Question No. 1:*

Del.Const. Art. 2, § 4 evolved as follows: the Section originally provided that the "General Assembly shall meet on the first Tuesday of January, biennially." In 1959, the Section was amended to provide that the "General Assembly shall meet on the first Tuesday of January, 1961, and on the same day in every second year thereafter, and on the first Tuesday in February, 1962, and on the same day in every second year thereafter." The present version of the Section became law in 1969.

■ We find nothing on the face of Del.Const. Art. 2, § 4, or in its history, or in any other provision of the Constitution, to indicate an intent on the part of the drafters to change the historic biennial concept for the General Assembly by the new requirement that it convene annually. To the contrary, it is provided that members of the House continue to be elected for two year terms (Art. 2, § 2), and that the General Assembly is to organize at the "first annual session of every new General Assembly" (Art. 2, § 7).

*Question No. 2:*

The title of Senate Joint Resolution No. 36[7] is as follows:

"REQUIRING THAT THE GENERAL ASSEMBLY PASS THE NECESSARY TAX PROGRAM NO LATER THAN FEBRUARY 15, 1974, TO PROVIDE FOR PAYMENT OF ANTICIPATED REVENUE REFUNDS FOR TAXABLE YEAR BEGINNING ON OR AFTER JANUARY 1, 1973."

■ The question presented indicates that the title of Senate Joint Resolution No. 36 may be questionable because it may not "sufficiently apprise interested persons of the provisions forbidding payment of tax revenue refunds on and after January 1, 1973, until an additional revenue measure is enacted by the 127th General Assembly."

adopted by both Houses, approved and signed by the Governor, and was not limited to the internal or administrative affairs of the General Assembly. See Del.Const. Art. 2, § 10, Art. 3, § 18; 2 Sutherland on Statutory Construction, § 3805 (3rd Ed.); State v. Atterbury, Mo.Supr.Ct., 300 S.W.2d 806 (1957); Myers "Joint Resolutions Are Laws", 28 A.B.A. Journal, pp. 33–37.

4. Del.Const. Art. 2, § 16 provides:
"No bill or joint resolution, except bills appropriating money for public purposes, shall embrace more than one subject, which shall be expressed in its title."

5. Del.Const. Art. 8, § 6 provides in pertinent part:
"No money shall be drawn from the treasury but pursuant to an appropriation made by Act of the General Assembly; * * *."

6. 29 Del.C. § 6102(a) provides in pertinent part:
"(a) Except as otherwise specifically provided by law, all receipts and moneys of this State shall be deposited by or to the credit of the State Treasurer in one general fund. The general fund shall include all moneys derived from taxes, fees, permits, licenses, fines, forfeitures or from any other sources or of other receipts of any kind or from any other source including the sale or disposition of surplus or other property of the State, and of every agency thereof including receipts heretofore authorized as funds for specific use of any agency by the authority of any law of this State, * * *."

7. Senate Joint Resolution No. 36 provided:
"BE IT RESOLVED by the Senate of the 127th General Assembly, the House of Representatives concurring therein, that the State of Delaware, acting through the Secretary of Finance or any other person shall not process or issue any revenue refunds covering the tax year beginning on or after January 1, 1973, until an additional revenue measure is enacted by the 127th General Assembly as is contemplated in Senate Bill No. 390 which establishes the Delaware Tax Study Committee."

It is settled that Del.Const. Art. 2, § 16 does not require the title of a bill or resolution to be an index of its details or a synopsis of its contents. The requirements of § 16 are satisfied if the title is sufficiently informative as to put on notice parties interested in the general subject matter in such manner as would lead them to inquire into it if they wished. The fundamental purpose of § 16 is to prohibit the passage of "sleeper" legislation. In re Opinion of the Justices, 177 A.2d 205, 208 (Del.Supr.1962).

We are of the opinion that the title of the Resolution was notice to interested parties sufficient to require of them an inquiry into the body of the Resolution. All interested parties were put on notice by the title that a "tax program" was deemed "necessary" for the payment of revenue refunds. This was sufficient, we think, to notify interested parties that the Resolution contemplated an additional revenue measure as a prerequisite to revenue refunds. We do not think the title can fairly be described as "designed to trap the unwary into action". In re Opinion of the Justices, 177 A.2d 205, 208 (Del.Supr. 1962).

In our opinion, Senate Joint Resolution No. 36 is not unconstitutional under Del. Const. Art. 2, § 16.

*Question No. 3:*

The quoted words "money" in the "treasury", as used in Del.Const. Art. 8, § 6, mean, for present purposes, "money in the custody and control of the State Treasurer". This seems apparent from the discussions of the drafters, 1897 Constitutional Debates, pp. 1480–1486, 1528–1538, and from accepted meaning of the language. Gipson v. Ingram, 215 Ark. 812, 223 S.W. 2d 595 (1949); Gardner v. Board of Trustees, etc., 226 N.C. 465, 38 S.E.2d 314 (1946). Whenever "moneys are in the official custody of the Treasurer or subject to his discretion, they are to be considered as in the State Treasury." 2 Bouv. Law Dict., Rawle Third Revision, p. 3311.

The General Fund is in the custody and control of the State Treasurer: 29 Del.C. § 6102 provides: "Except as otherwise specifically provided by law, all receipts and moneys of this State shall be deposited by or to the credit of the State Treasurer in one general fund"; the Section continues that, with certain specified exceptions, "The general fund shall include all moneys derived from taxes, fees, permits, licenses, fines, forfeitures or from any other sources or of other receipts of any kind or from any other source * * *." 29 Del.C. § 6103 requires that all moneys which, under § 6102, are a part of the General Fund "shall be deposited daily to the credit of the State Treasurer". 29 Del.C. § 2706 provides that the Division of the Treasury, Department of Finance shall have "custody of the money belonging to the State". And 30 Del.C. § 304 provides that the Department of Finance "shall pay daily to the State Treasurer, for the use of the State, all sums collected by the Department".

Therefore, we are of the opinion that the words "money" in the "treasury", as used in Del.Const. Art. 8, § 6, include the General Fund as defined in 29 Del.C. § 6102.

\* \* \* \* \* \*

The foregoing represents the unanimous opinions of the undersigned.

Respectfully submitted,

DANIEL L. HERRMANN,
Chief Justice
JAMES B. CAREY,

WILLIAM DUFFY,
Associate Justices.